UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 3:04-cr-60 (JCH) |
| | : | |
| TRACEY RAY | : | NOVEMBER 19, 2008 |

**RULING**

On March 28, 2008, this court issued an Order to Show Cause why the defendant, Tracey Ray, should be given a reduced sentence pursuant to the newly retroactive change in the crack-cocaine guidelines. See Doc. No. 681. The court noted that Ray had been found to be a career offender at sentencing, and that he therefore appeared ineligible to obtain a reduced sentence. Id. In response, Ray submitted a memorandum, arguing that he is nonetheless eligible for a sentence reduction. See Doc. No. 722.

At sentencing,[1] the court determined that Ray was a career offender. Tr. at 11. Without career offender status, the court noted that Ray's offense level would have been 27 (after accounting for acceptance of responsibility), and his criminal history category would have been VI. Id. at 10-11. As such, Ray would have faced a guidelines range of 130-162 months' imprisonment. Because Ray was a career offender, however, the sentencing guidelines increased his offense level to 34 (after accounting for acceptance of responsibility), with his criminal history category remaining at VI. Id. at 11. This

---

[1] The court has reviewed the PSR and a transcript of the sentencing proceeding in connection with the instant Ruling.

1

meant that Ray faced a guidelines range of 262-327 months' imprisonment.  Id.

The government next filed a sealed motion requesting a departure, based on reasons unrelated to the quantity of cocaine attributable to Ray, and also unrelated to Ray's career offender status.  The court granted this Motion for the reason provided to it by the government pursuant to Fed. R. Crim. P. 32.  In light of that grant, and then after weighing all of the factors in 18 U.S.C. § 3553(a), the court concluded that a 92 month sentence was appropriate.[2]  Tr. at 50.

Ray is only eligible for a reduction in his sentence if the crack-cocaine amendments "have the effect of lowering the defendant's applicable guideline range." USSG § 1B1.10(a)(2)(B).  In United States v. Menafee, No. 04-cr-138 (JCH), 2008 U.S. Dist. LEXIS 60765 (D. Conn. Aug. 5, 2008), this court held that the "applicable guideline range" is the guideline range calculated before accounting for any departures.  Id. at *7-12.  Because of Ray's career offender status, his pre-departure guidelines range is calculated as 262-327 months' imprisonment both before and after the recent amendment.  Accordingly, his "applicable guideline range" has not been altered and he is ineligible for a reduction in his sentence.

Ray nonetheless suggests that, in light of the Supreme Court's opinions in Kimbrough v. United States, 128 S. Ct. 558 (2008), Gall v. United States, 128 S. Ct. 58 (2008), and United States v. Booker, 543 U.S. 220 (2005), this court somehow retains

---

[2] As part of this weighing, the court noted that all of Ray's prior sentences has been for relatively short periods of time.  The court further expressed its view that Ray had not received proper mental health treatment.  Tr. at 47-48.

2

discretion to resentence him.

The court does not agree. When a guideline change has been made retroactive, the court's sole authority to resentence a defendant arises from 18 U.S.C. § 3582(c). That statute requires that any resentencing be "consistent with applicable policy statements issued by the Sentencing Commission." Id. Here, the relevant policy statement only permits a sentence reduction if the crack-cocaine amendments "have the effect of lowering the defendant's applicable guideline range" within the meaning of USSG § 1B1.10(a)(2)(B). Because the crack cocaine amendments did nothing to alter the applicable guideline range for Ray, this court is statutorily barred from resentencing him.

Nothing in Booker and its progeny is to the contrary. Booker simply held that 18 U.S.C. § 3553(b) was unconstitutional because it required judges to sentence defendants in accordance with the sentencing guidelines at their initial sentence. See Booker, 543 U.S. at 232-33. Here, the court is not applying Section 3553(b). Instead, it is applying Section 3582(c), coupled with the relevant policy statements of the Sentencing Commission.

Nor can it be said that section 3582(c) violates Ray's Sixth Amendment rights. In finding a constitutional violation in Booker, the Court was simply enforcing the Sixth Amendment's promise that the government will not be able to bypass a jury in order to increase a defendant's sentence. Id. at 230-237. Here, there is no dispute that before the Sentencing Commission made its retroactive change, Ray's sentence was fully

authorized by his guilty plea. After that constitutionally valid sentence became final, the Sentencing Commission exercised its legislatively delegated power to give a benefit to a class of individuals that does not include Ray. Importantly, Ray's sentence is still no higher than it was the day his sentence became final. Accordingly, the government has not increased Ray's sentence above what was authorized by his guilty plea.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 19th day of November, 2008.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge